**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CARMEN LUZ COTTO-RIVERA, ET. AL.,<br><br>    Plaintiffs,<br><br>         v.<br><br>RAMON MORALES-SANCHEZ, ET. AL.,<br><br>    Defendants. | CIV. NO. 89-0416 (PG) |

**OPINION AND ORDER**

Pending before the Court is intervenor First American Title Insurance Company's ("First American" or "Intervenor") "Urgent Motion to Intervene as a Matter of Right and to Vacate and Set Aside the Writ of Attachment, the Order of Execution and the Notice of Sale" (Docket No. 186) and the plaintiffs' opposition thereto (Docket No. 190). For the reasons set forth below, the Court **GRANTS** the Intervenor's request.

**I. BACKGROUND**

Plaintiffs Carmen Luz Cotto-Rivera, Yaritza Hernandez and Yanitza Hernandez (hereinafter collectively referred to as "Plaintiffs") filed the instant claim on March 29, 1989. See Docket No. 1. On August 23, 1991, by way of a jury verdict, judgment was entered against defendant Dr. Ramon Morales-Sanchez (hereinafter "Dr. Morales-Sanchez" or "the Defendant") in the amount of $2,028,000.00 to indemnify plaintiffs Yaritza and Yanitza Hernandez for their personal injuries, mental pain and suffering, and the future costs of Yaritza's medical care and rehabilitative therapy. See Docket No. 106. On December 9th, 2002, the Plaintiffs filed a motion (Docket No. 172) informing the Court that Dr. Morales-Sanchez had passed away on August 26, 1992 without having paid the sum adjudged to be paid in the above-captioned claim, except for the amount of $100,000 that was paid by the Defendant's insurance company. See Docket No. 172. The Plaintiffs also informed the Court that on May 27, 1998, a state court ruled that Dr. Morales-Sanchez's heirs, namely, his adult children Pablo Arturo, Jesus Ramon, Maria Isabel, and Rosa Maria Morales-Agrelo, and his widow, Isabel Agrelo, had accepted the Defendant's inheritance in pure and simple fashion and must thus answer to the Plaintiffs with their own personal property for the unpaid balance of the judgment. See id.

CIV. NO. 89-0416 (PG) Page 2

Accordingly, the Plaintiffs requested therein that the Court order the issuance of a writ of attachment directed to the Property Registrar for the purposes of barring the transfer of a property located in Caguas, Puerto Rico ("the Caguas Property") that belonged to the decedent. See id. Subsequently, the Plaintiffs filed a second motion requesting the Court issue a second order for a writ of attachment to bar the transfer of ownership of a property located in Urb. El Mirador, Cupey Alto, San Juan, Puerto Rico ("the Mirador Property") belonging to one of the heirs of the Defendant, specifically, Pablo Arturo Morales-Aguilo ("PAM"). See Docket No. 173 at ¶ 8. Both motions were granted, see Dockets No. 175-176, and the Clerk of Court issued writs of attachment for both the Caguas and the Mirador Properties.

Thereafter, on May 10th, 2006, the Plaintiffs filed a motion for execution of judgment. As part of the procedural background set forth in the motion, the Plaintiffs explained as follows:

> On April 2, 2003, Writs of Attachment were issued by the Clerk of the Court, for registration in the Puerto Rico Registry of the Property. These Writs of Attachment ordered the Registrar to record and levy an attachment and bar on the transfer of certain **properties owned by defendant's heirs, Isabel Agreló Roca and Pablo Arturo Morales Agreló,** to cover in part the principal sum of $1,928,000.00, plus interest, that is still outstanding in the instant case.

Docket No. 178 at ¶ 7 (emphasis ours). In order to satisfy the outstanding balance of the judgment, the Plaintiffs requested therein that the Court order the public sale of the Caguas and the Mirador Properties, as well as any and all properties belonging to the estate of the Defendant. See id. The Court entered the requested proposed orders and the Clerk of Court issued writs of execution for both properties. See Dockets No. 179-182.

Almost five years later, on June 9th, 2011, PAM, his wife Ana Maria Muñoz-Vazquez ("AMM") and their Conjugal Partnership ("CP") filed an urgent motion requesting that this Court vacate and set aside the issued writ of execution as to the Mirador Property and its public sale. See Docket No. 183. Therein, PAM, AMM and their CP (hereinafter collectively referred to as "the Debtors") explained that they had filed a bankruptcy petition under Chapter 7 on March 1st, 2011, which automatically stays collections and any and all actions against them. Additionally, the Debtors argued that the bankruptcy court had discharged the debt arising from the judgment in question. Moreover, they argued that because AMM and the CP were not summoned and included in this case, the judgment lien was not properly entered in the Property Registrar,

and thus, the public sale should be cancelled. See Docket No. 183. The Plaintiffs, however, opposed said motion arguing that the Civil Code of Puerto Rico "does not establish that debts incurred by inheritance by one of the spouses cannot be attributed or executed on the assets of the conjugal partnership … ," see Docket No. 185 at ¶ 4, and thus, the public sale should not be cancelled. Id.

Subsequently, on June 15th, 2011, First American filed a motion titled "Urgent Motion to Intervene as a Matter of Right and to Vacate and Set Aside the Writ of Attachment, the Order of Execution and the Notice of Sale" wherein it set forth several requests for the Court. See Docket No. 186. Firstly, it requested to intervene in this case as a matter of right pursuant to FED.R.CIV.R. 24(a)(2) inasmuch as the Mirador Property is subject to a mortgage as security for the payment of a loan granted by Doral Mortgage Corporation ("Doral") in December of 2003, and said mortgage is in turn the subject of a title insurance policy issued by First American. First American thus requested that the public sale of the Mirador Property be cancelled and this Court schedule a hearing to determine whether the due process requirements of Article 1308 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31 § 3661,[1] and related caselaw, were complied with by the Plaintiffs when they sought to execute the judgment in this case in light of the fact that the Mirador Property is community property. See Docket No. 186. On the other hand, in their opposition to First American's motion, the Plaintiffs sustain that First American has not properly documented its interest in the litigation; that, at any rate, the proper party to intervene should be Doral; that to the extent AMM and the CP listed Plaintiffs' judgment as an obligation in their bankruptcy case, they effectively assumed the debt and are now estopped from claiming otherwise. See Docket No. 190.

---

[1] Article 1308 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31 § 3661, states as follows:

> Chargeable to the community property shall be:
> (1) All debts and obligations contracted during the marriage by either of the spouses.
> (2) The arrears or credits deriving during the marriage from obligations encumbering the private property of the spouses as well as the community property.
> (3) Minor repairs or mere maintenance repairs made during the marriage on the private property of either of the spouses. Major repairs shall not be chargeable to the community property.
> (4) Major or minor repairs of the community property.
> (5) The support of the family and the education of the children begotten in common and of those of either of the spouses.
> (6) Personal loans incurred by either of the spouses.

CIV. NO. 89-0416 (PG)                                                    Page 4

After careful review of the motions, the Court vacated and set aside the order granting the motion for execution of judgment; granted the Debtors' request to cancel the public sale of the Mirador Property; and scheduled a hearing to discuss the arguments set forth in the pending motions. See Dockets No. 188-189. A hearing was thus held on June 28th, 2011 wherein all interested parties were represented by counsel. Upon the making of a proper showing of its right to intervene pursuant to FED.R.CIV.P. 24(a)(2), the Court granted First American's request to intervene as a matter of right. Therefore, pending before the Court was the Debtors' argument the debt arising from the judgment was discharged during the bankruptcy proceedings and the Debtors and First American's claim that Plaintiffs failed to comply with certain due process requirements required by local law in the execution of the judgment of the instant case.

## II. DISCUSSION

**A. Bankruptcy Court Discharge**

The main argument set forth in the Debtors' motion is that the debt PAM's inherited arising from this case's judgment was discharged during the Chapter 7 bankruptcy proceedings. To that effect, they attached an order signed and entered on June 6th, 2011 by the presiding judge, Enrique S. Lamoutte-Inclan, which states as follows:

> It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

See Docket No. 183-1. In response, the Plaintiffs stated that to the extent the they were listed as secured creditors of the debtors, their secured judgment lien was not discharged by the bankruptcy court and they can still enforce it in execution proceedings upon the Mirador Property. See Docket No. 185. In support of their contention, the Plaintiffs make reference to the bankruptcy court's order, which in an explanatory section states as follows:

> However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, **if** that lien was not avoided or eliminated in the bankruptcy case.

See Docket No. 183-1 (emphasis ours). However, the Plaintiffs fail to explain or document if the lien in question was in fact not avoided or eliminated in the bankruptcy case for the exception cited to apply.

"Chapter 7 is usually a brief proceeding to distribute non-exempt assets to creditors." In re Young, 233 F.3d 56, 57 (1st Cir.2000). "11 U.S.C.

§ 727(b) provides that a Chapter 7 discharge relieves a debtor of all debts incurred prior to the filing of the petition, excluding nineteen categories of debts specifically listed in 11 U.S.C. § 523(a)." In re Dennis, No. 07–12164, 2008 WL 4671006, at *1 (Bkrtcy. D.R.I., October 16, 2008). Section 727(b) of title 11 of the United States Code states, in relevant part,:

> (b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, ….

11 U.S.C.A. § 727(b).

The exceptions the statute makes reference to are inapplicable to their case, according to the Debtors' assertions during their turn at oral argument in the hearing, and after careful review of the applicable law, the Court agrees. Moreover, the Plaintiffs do not make reference to any circumstance that would lead this Court to conclude that the conditions exist for them to have the right to enforce their judgment lien. Therefore, the Court concludes that the bankruptcy court discharged the debt in question, as asserted by the Debtors, and the Plaintiffs are thus prohibited from attempting to collect from them in accordance with the bankruptcy court's order.

**B. Execution of Judgment Proceedings**

The Debtors and First American also argue that inasmuch as AMM and the CP are not heirs of the Defendant, the debts inherited by the estate cannot be attributed or executed on the assets of the Conjugal Legal Partnership of an heir of the estate unless certain due process requirements are met. See Dockets No. 183, 186. The appearing parties set forth documentation evincing that the Mirador Property was in fact community property belonging to both PAM and AMM. See Docket No. 191-1. They now thus claim that the Plaintiffs should have summoned AMM and the CP when they requested a writ of attachment on the Mirador Property, and thereby allow AMM and CP to properly defend their interests in the community property to be attached. Inasmuch as they failed to meet these due process requirements, the appearing parties now argue that the writ of attachment issued by this Court was improper and should be invalidated. See id. On the other hand, in their opposition (Docket No. 190) and during the hearing, attorney for Plaintiffs argued that AMM and the CP could not assert that they were not given proper notice because they even listed the Plaintiffs' judgment in their favor as an obligation during the bankruptcy proceedings, thus assuming the judgment debt.

CIV. NO. 89-0416 (PG)                                                    Page 6

Federal Rule of Civil Procedure 69(a)(1) states that "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located … ." FED.R.CIV.P. 69(a)(1). "Under Puerto Rico law, in claims involving personal debts of one spouse, the judgment creditor may attach and execute community property only when the defendant spouse does not possess property or assets or if these are insufficient to fulfill the debt or judgment." Hershey Foods Corp. v. Padilla, 168 F.R.D. 7, 10 (D.P.R. 1996); see also P.R. LAWS ANN. tit. 31 §§ 3661, 3663. The matter at hand involves the personal debt of PAM inasmuch as, pursuant to local law, the property that a spouse inherits during a marriage is his/her separate property.[2] See P.R. LAWS ANN. tit. 31 § 3631..

Under such circumstances as the present, "the innocent spouse acquires an interest in the case, upon execution of judgment, that entitles [him/her] to be heard. Hence, both the conjugal partnership and the innocent spouse must be cited or summoned in order to properly defend their interests in the community property to be attached." Hershey Foods, 168 F.R.D. at 10.

> Therefore, in order to protect the innocent spouse's right to be heard, [she] should have been either included in the motion for execution, or summoned or subpoenaed, before a determination was made as to the propriety of seizing the assets of the conjugal partnership. In the instant case, not only should the innocent [spouse] have been summoned in order to protect [her] right and that of the conjugal partnership, but also, before ordering the attachment of the partnership's assets, the court below should have determined that the conditions and requirements of Civil Code sec. 1308 had been met.

Cruz Viera v. Registrador, 18 P.R. Offic. Trans. 1046, 1053 (May 11, 1987) (finding Registrar of Property acted correctly in refusing to record attachment on property belonging to conjugal partnership where innocent spouse

---

[2] Article 1299 of the Civil Code of Puerto Rico, P.R. LAWS. ANN. tit. 31, § 3631, states:

> The following is the separate property of the spouses:
> (1) That brought to the marriage as his or her own.
> (2) That acquired by either of them during the marriage by lucrative title, that is to say, by gift, legacy or descent.
> (3) That acquired by right of redemption or by exchange for other property belonging to one of the spouses only.
> (4) That bought with money belonging exclusively to the wife or to the husband.

CIV. NO. 89-0416 (PG)                                                    Page 7

was not summoned before execution of judgment nor was it established that conjugal partnership had enough assets to pay for debt).

Therefore, if this Court would have been timely informed that the property to be attached was community property, this court should have made a prior determination of the following:

> (a) whether the obligations listed in Article 1308 of the Puerto Rico Civil Code, [P.R. LAWS ANN. tit. 31 § 3661], pertaining to the conjugal partnership, have been met; (b) whether it's financial solvency will not be put at risk; and (c) whether all necessary measures are taken to provide that the innocent spouse shall be credited accordingly, in the event of dissolution of the partnership.

Hershey Foods, 168 F.R.D. at 10. "Otherwise, the trial court may not properly order the execution of judgment over community property." Id. (citing Cruz Viera, 118 P.R. Dec. 911 (1987)).

Moreover, Article 116.4 of the Mortgage Law Regulations, Department of Justice Regulation No. 2674 of July 9, 1980, "expressly provides that, in order to record an attachment against properties belonging to a conjugal partnership, the action must have been brought against both spouses." Cruz Viera, 18 P.R. Offic. Trans. at 1054. This regulation complements the provisions of Article 1310 of the Civil Code "and guarantees that the proceedings will be conducted pursuant to the constitutional guarantee of due process of law." Id. Therefore, "[t]he need to have the action brought against both spouses in order to enter the cautionary notice for attachment of the property is a requisite that must be met." Id.

Here, the Plaintiffs misinformed the Court in their motions requesting that the Court order the issuance of a writ of attachment and a writ of execution against the Mirador Property by stating that said property belonged to PAM only. See Dockets No. 173, 178. The Plaintiffs did not summon AMM and the CP in order to include them in the proceedings, and as a result, the Court did not hold a hearing to establish that the CP had enough assets to pay for the debt as required by Articles 1308 and 1310 of the Civil Code and allow AMM to be heard. Consequently, the Court has no other choice but to vacate and set aside the writ of attachment and order and writ of execution issued against the Mirador Property inasmuch as the omissions detailed before render these defective.

### III. CONCLUSION

For the reasons stated above, this Court thus **GRANTS** the Debtors and First American's motions (Dockets No. 183 & 186) and hereby **VACATES AND SETS**

CIV. NO. 89-0416 (PG) Page 8

**ASIDE** the order and writ of attachment (Docket No. 175) and the order and writ of execution (Dockets No. 179, 181) issued as to the Mirador Property.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 15, 2011.

                                             S/ JUAN M. PEREZ-GIMENEZ
                                             JUAN M. PEREZ-GIMENEZ
                                             SENIOR U.S. DISTRICT JUDGE